UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

_____

ROBERT W. JOHNSON,

                         Plaintiff,

                                                  5:22-CV-0396
v.                                              (GLS/ML)
                                                  (LEAD CASE)
RODEWAY INN SYRACUSE, et al.,

                         Defendants.

_____

APPEARANCES:                                OF COUNSEL:

ROBERT W. JOHNSON
  Plaintiff, *Pro Se*
112 Court Street, Apartment 2
Watertown, New York 13601


MIROSLAV LOVRIC, United States Magistrate Judge

## <u>REPORT-RECOMMENDATION</u>

      Presently before the Court are Complaints filed by *pro se* plaintiff Robert W. Johnson

("Plaintiff") in *Johnson v. Rodeway Inn Syracuse*, No. 5:22-CV-0396 (GLS/ML) ("*Johnson I*"),

which was previously consolidated with the following nineteen cases: (1) *Johnson v. Days Inn by

Wyndham Syracuse*, No. 5:22-CV-0403 (GLS/ML) ("*Johnson II*"); (2) *Johnson v. Am. Best

Value Inn*, No. 5:22-CV-0404 (GLS/ML) ("*Johnson III*"); (3) *Johnson v. Extended Stay Am. Inc.*,

No. 5:22-CV-0405 (GLS/ML) ("*Johnson IV*"); (4) *Johnson v. Red Roof Inn # 157*, No. 5:22-CV-

0406 (GLS/ML) ("*Johnson V*"); (5) *Johnson v. Doubletree by Hilton Syracuse*, No. 5:22-CV-

0407 (GLS/ML) ("*Johnson VI*"); (6) *Johnson v. Executive East Syracuse Hotel, LLC*, No. 5:22-

CV-0408 (GLS/ML) ("*Johnson VII*"); (7) *Johnson v. Best Western PLUS*, No. 5:22-CV-0409

(GLS/ML) ("*Johnson VIII*"); (8) *Johnson v. Motel 6*, No. 5:22-CV-0410 (GLS/ML) ("*Johnson IX*"); (9) *Johnson v. Candlewood Suites East Syracuse*, No. 5:22-CV-0411 (GLS/ML) ("*Johnson X*"); (10) *Johnson v. Springhill Suites Syracuse Carrier Circle*, No. 5:22-CV-0412 (GLS/ML) ("*Johnson XI*"); (11) *Johnson v. Ramada by Wyndham East Syracuse Carrier Circle*, No. 5:22-CV-0413 (GLS/ML) ("*Johnson XII*"); (12) *Johnson v. Embassy Suites by Hilton*, No. 5:22-CV-0414 (GLS/ML) ("*Johnson XIII*"); (13) *Johnson v. Cresthill Suites*, No. 5:22-CV-0415 (GLS/ML) ("*Johnson XIV*"); (14) *Johnson v. Residence Inn*, No. 5:22-CV-0416 (GLS/ML) (*Johnson XV*"); (15) *Johnson v. Home Town Inn By Red Roof*, No. 5:22-CV-0417 (GLS/ML) ("*Johnson XVI*"); (16) *Johnson v. Fairfield by Marriott Syracuse Carrier Circle*, No. 5:22-CV-0418 (GLS/ML) ("*Johnson XVII*"); (17) *Johnson v. Hampton Inn & Suites Syracuse/Carrier Circle*, No. 5:22-CV-0419 (GLS/ML) ("*Johnson XVIII*"); (18) *Johnson v. Marriott Syracuse Downtown*, No. 5:22-CV-0420 (GLS/ML) ("*Johnson XIX*"); and (19) *Johnson v. Comfort Inn Syracuse-Carrier Circle*, No. 5:22-CV-0421 (GLS/ML) ("*Johnson XX*").  Plaintiff has not paid the filing fee but has submitted a motion to proceed *in forma pauperis*.[1]  (*Johnson I*, Dkt. No. 2.)

For the reasons set forth below, I recommend that Plaintiff's Complaints in *Johnson I-XX* be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim upon which relief may be granted.

## I.     BACKGROUND

Plaintiff alleges that on April 7, 2022, Defendants Jefferson County Department of Social Services, Burns, Gaffney, Labadini, Eveleigh, Hochul, Rodriguez, Stevenson, and The Workplace (collectively "DSS Defendants") authorized an allowance, which permitted Plaintiff to receive emergency housing.  (*Johnson I-XX*, Dkt. No. 1.)  Attached to Plaintiff's Complaints is

---

[1]     By separate order, the Court granted Plaintiff's IFP application.  (Dkt. No. 7.)

a form titled "Action Taken on Your Request for Assistance to Meet an Immediate Need or a Special Allowance" (hereinafter the "Form"), which indicates that on April 7, 2022, Plaintiff was in immediate need of assistance with homelessness and DSS Defendants would "assist with emergency housing if [he] found a facility that [would] accept [him] and agency payment." (*See, e.g., Johnson I*, Dkt. No. 1 at 9.)

Plaintiff alleges that on April 26, 2022, he was denied housing by Defendants Rodeway Inn Syracuse, Choice Hotels Corp., Michael Robinson, Days Inn by Wyndham Syracuse, America's Best Value Inn, Extended Stay of America, ESA Management LLC, Shari Gozzi, Red Roof Inn, Double Tree by Hilton Syracuse, Revmax Hospitality Consulting Services, Marissa Prasad, Nagib LaKhani, Thomas Olsen, Kelsey Cleary, Kevin Connolly, Executive East Syracuse Hotel LLC, Mrs. Martin,[2] Best Western PLUS, Nikki Gardner, Will Mawson, Jackie Stevens, Motel 6, Mr. Patel, Candlewood Suites East Syracuse, Michelle Calkins, Thomas Howell, Springhill Suites Syracuse Carrier Circle, Mary Gunther, Judith Herzig, Ramada by Wyndham East Syracuse Carrier Circle, Anthony Mangano, Marcus & Millichap, Jerry Swan, Tony Mangano, Prima Terra Properties LLC, Syramada Hotel Corp., Embassy Suites by Hilton, Paula Detran, Pyramid Management, Aimbridge Hospitality, Cresthill Suites, Residence Inn, Ashley, Home Town Inn by Red Roof, Fairfield by Marriott Syracuse Carrier Circle, Amy Newfield, Alisa Kaigler-Hall, Joshuah Beach, Hampton Inn & Suites Syracuse/Carrier Circle, Marcus Rabit, Marriott Syracuse Downtown, Nick Krenn, Comfort Inn Syracuse-Carrier Circle, the Waraich Group LLC, and Irfan Waraich (collectively "Hotel Defendants") and "no valid reasons were given." (*Johnson I-XX*, Dkt. No. 1.)

---

[2]    Plaintiff also alleges that "Mr. Martin" denied him "housing/shelter services" but Mr. Martin was not named as a Defendant. (*Johnson VII*, Dkt. No. 1 at 4.)

Plaintiff appears to assert the following four claims: (1) a claim of breach of contract against DSS Defendants pursuant to New York law, (2) a claim of breach of contract against Hotel Defendants pursuant to New York law, (3) a claim of discrimination against Defendants pursuant to the Fourteenth Amendment and 42 U.S.C. § 1983, and (4) a claim that Defendants violated Plaintiff's right to due process pursuant to the Fourteenth Amendment and 42 U.S.C. § 1983.  (*Id.*)

As relief, Plaintiff seeks $100,000,000.00 in punitive damages, one-hundred percent ownership of the companies owned by Hotel Defendants, and all other relief that is just and proper.  (*Id.*)

## II.    LEGAL STANDARD FOR REVIEW OF THE COMPLAINTS

Although the court has a duty to show liberality toward *pro se* litigants, and must use extreme caution in ordering *sua sponte* dismissal of a *pro se* complaint before the adverse party or parties have been served and have had an opportunity to respond, the court still has a responsibility to determine that a claim is not frivolous before permitting a plaintiff to proceed. 28 U.S.C. § 1915(e); *Nance v. Kelly*, 912 F.2d 605, 606 (2d Cir. 1990) (per curiam); *Anderson v. Coughlin*, 700 F.2d 37, 41 (2d Cir. 1983); *see, e.g., Fitzgerald v. First East Seventh St. Tenants Corp.*, 221 F.3d 362, 363 (2d Cir. 2000) (holding that a district court may *sua sponte* dismiss a frivolous complaint, notwithstanding the fact that the plaintiff paid the statutory filing fee). "Legal frivolity . . . occurs where 'the claim is based on an indisputably meritless legal theory [such as] when either the claim lacks an arguable basis in law, or a dispositive defense clearly exists on the face of the complaint." *Aguilar v. United States*, 99-MC-0304, 99-MC-0408, 1999 WL 1067841, at *2 (D. Conn. Nov. 8, 1999) (quoting *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998)); *see also Neitzke v. Williams*, 490 U.S. 319, 325 (1989)

("[D]ismissal is proper only if the legal theory . . . or factual contentions lack an arguable basis."); *Pino v. Ryan*, 49 F.3d 51, 53 (2d Cir. 1995) ("[T]he decision that a complaint is based on an indisputably meritless legal theory for purposes of dismissal under section 1915(d), may be based upon a defense that appears on the face of the complaint.").

When reviewing a complaint under section 1915(e), the court is guided by applicable requirements of the Federal Rules of Civil Procedure.  More specifically, Rule 8 of the Federal Rules of Civil Procedure provides that a pleading must contain, *inter alia*, "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  The requirement that a plaintiff "show" that he or she is entitled to relief means that a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is *plausible* on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (emphasis added) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 [2007]).  "Determining whether a complaint states a plausible claim for relief . . . requires the . . . court to draw on its judicial experience and common sense. . . . [W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not shown–that the pleader is entitled to relief."  *Iqbal*, 556 U.S. at 679 (internal citation and punctuation omitted).

"In reviewing a complaint . . . the court must accept the material facts alleged in the complaint as true and construe all reasonable inferences in the plaintiff's favor."  *Hernandez v. Coughlin*, 18 F.3d 133, 136 (2d Cir. 1994) (citation omitted).  However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Iqbal*, 556 U.S. at 678.

III.    **ANALYSIS**

In addressing the sufficiency of a plaintiff's complaint, the court must construe his pleadings liberally. *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir. 2008). Having reviewed Plaintiff's Complaints with this principle in mind, I recommend that all causes of action be dismissed.

A.    **Claims Pursuant to 42 U.S.C. § 1983**

1.    **State Actors**

Although Plaintiff's Complaints were on a form complaint for (or alleged that they were pursuant to) violations of civil rights pursuant to 42 U.S.C. § 1983, Plaintiff cannot proceed under that statute against Hotel Defendants because the Complaints do not allege facts plausibly suggesting that Hotel Defendants are state actors or acting under color of state law.

A claim for relief under 42 U.S.C. § 1983 must allege facts showing that the defendant acted under color of state "statute, ordinance, regulation, custom or usage." 42 U.S.C. § 1983. Thus, to state a claim under § 1983, a plaintiff must allege both that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the right was violated by a person acting under the color of state law, or a "state actor." *West v. Atkins*, 487 U.S. 42, 48-49 (1988). Generally, private parties are not state actors, and are not liable under § 1983. *Sykes*, 723 F.3d at 406 (quoting *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001)); *see also Ciambriello v. Cnty. of Nassau*, 292 F.3d 307, 323 (2d Cir. 2002) ("[T]he United States Constitution regulates only the Government, not private parties . . . .") (internal quotation marks and citations omitted). "Because the United States Constitution regulates only the Government, not private parties, a litigant claiming that his constitutional rights have been violated must first establish that the challenged conduct constitutes 'state action.'" *United States*

*v. Int'l Bhd. of Teamsters, Chauffeurs, Warehousemen & Helpers of Am.*, 941 F.2d 1292, 1295-96 (2d Cir. 1991) (citing *Blum v. Yartsky*, 457 U.S. 991, 1002 (1982)).  A private defendant may be held liable only as "a willing participant in joint activity with the State or its agents." *Adickes v. S.H. Kress & Co.*, 398 U.S. 144 (1970) (quoting *United States v. Price*, 383 U.S. 787, 794 (1966)).  Claims under § 1983 can be brought against private entities by "showing that a person acting under color of state law . . . collaborated with a private person . . . to deprive the plaintiff of a constitutional right." *Fries v. Barns*, 618 F.2d 988, 990 (2d Cir. 1980) (citing *Adickes*, 398 U.S. at 144).

Here, the Complaints fail to allege facts plausibly suggesting that Hotel Defendants were "state actors" or were "collaborating" with state actors.  Instead, Plaintiff merely alleges that he was "denied housing/shelter services by" Hotel Defendants and "no valid reasons were given." (*Johnson I-XX*, Dkt. No. 1.)

As a result, I recommend that Plaintiff's claims against Hotel Defendants pursuant to 42 U.S.C. § 1983 be dismissed for failure to state a claim upon which relief may be granted.[3]

---

[3]    The Court also notes that Defendants Carlos Bernal (*Johnson IV*, Dkt. No. 1), Christine Penrose (*Johnson XIII*, Dkt. No. 1), and Stephen Congel (*id.*) are named as Defendants in the caption but the body of Plaintiff's Complaints do not allege any facts related to these individuals. "[I]n order to establish a defendant's individual liability in a suit brought under § 1983, a plaintiff must show, *inter alia*, the defendant's personal involvement in the alleged constitutional deprivation." *Rasheen v. Adner*, 356 F. Supp.3d 222, 235 (N.D.N.Y. 2019) (Hurd, J.).  "Indeed a complaint cannot be maintained against a defendant who is listed in the caption, but against whom no facts are alleged in the body of the complaint." *Guarneri v. Schenectady City Police*, 21-CV-0496, 2021 WL 5508276, at *2 (N.D.N.Y. Sept. 14, 2021) (Hummel, M.J.) (citing *Taylor v. City of New York*, 953 F. Supp. 95, 98-99 (S.D.N.Y. 1997)).  As a result, I recommend in the alternative that Plaintiff's claims against Defendants Benal, Penrose, and Congel be dismissed for failure to state a claim upon which relief may be granted.

      **2.**      **Discrimination**

To the extent that Plaintiff alleges a claim of discrimination under the Equal Protection

Clause of the Fourteenth Amendment, he fails to allege that he is a member of any protected

class and that he was discriminated against based on any protected characteristic. (*See generally*

*Johnson I-XX*, Dkt. No. 1.)

The Equal Protection Clause provides that a state may not "deny to any person within its

jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1. Essential to that

protection is the guarantee that "all persons similarly situated should be treated alike." *City of*

*Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985). The Second Circuit has held that

the Equal Protection Clause "bars the government from selective adverse treatment of

individuals compared with other similarly situated individuals if such selective treatment was

based on impermissible considerations such as race, religion, intent to inhibit or punish the

exercise of constitutional rights, or malicious or bad faith intent to injure a person." *Bizzarro v.*

*Miranda*, 394 F.3d 82, 86 (2d Cir. 2005) (emphasis and internal quotation marks omitted).

Accordingly, "[t]o prove an equal protection violation, claimants must prove purposeful

discrimination directed at an identifiable or suspect class." *Giano v. Senkowski*, 54 F.3d 1050,

1057 (2d Cir. 1995) (citation omitted); *Brown v. City of Oneonta, New York*, 221 F.3d 329, 337

(2d Cir. 2000) (holding that, in order to state a race-based equal protection violation, "a plaintiff

must allege that a government actor intentionally discriminated against him on the basis of his

race").

"[G]eneralized allegations do not make out an equal protection claim." *Sound Aircraft*

*Servs., Inc. v. Town of E. Hampton*, 192 F.3d 329, 335 (2d Cir. 1999). "Well-pled facts showing

that the plaintiff has been treated differently from others similarly situated" is "an essential

component of such a claim[,] [and] [c]onclusory allegations of selective treatment are insufficient." *Abdur-Raheem v. Wenderlich*, 07-CV-6247, 2012 WL 5185605, at *1 (W.D.N.Y. Sept. 19, 2012) (internal quotation marks omitted), *report and recommendation adopted*, 2012 WL 5185191 (W.D.N.Y. Oct. 18, 2012); *see Miller v. Vermont Assocs. for Training and Dev.*, 20-CV-0178, 2021 WL 535816, at *2 (D. Vt. Feb. 12, 2021) ("To prove a violation of the Equal Protection Clause, . . . a plaintiff must demonstrate that [s]he was treated differently than others similarly situated as a result of intentional or purposeful discrimination.") (alteration and omission in original) (quoting *Phillips v. Girdich*, 408 F.3d 124, 129 (2d Cir. 2005)).  The plaintiff also must show that this disparity in treatment "cannot survive the appropriate level of scrutiny" applicable to the alleged discrimination.  *Phillips*, 408 F.2d at 129.  To that end, a plaintiff pleading intentional discrimination based on race must allege one of three factual scenarios:

> [a] plaintiff could point to a law or policy that expressly classifies persons on the basis of race.  Or, a plaintiff could identify a facially neutral law or policy that has been applied in an intentionally discriminatory manner.  A plaintiff could also allege that a facially neutral statute or policy has an adverse effect and that it was motivated by discriminatory animus.

*Brown*, 221 F.3d at 337 (citations and internal quotation marks omitted); *see Rivera-Powell v. New York City Bd. of Elections*, 470 F.3d 458, 470 (2d Cir. 2006) ("In order to establish . . . a constitutional violation [under the Equal Protection Clause], [the plaintiff] would have to show that the [defendant] intentionally discriminated against her, either by adopting . . . racial animus policies which are facially neutral but have a racially discriminatory effect, or by applying a facially neutral policy in a racially discriminatory manner.").

The Complaints fail to allege facts plausibly suggesting any of these scenarios and do not allege facts to support a claim that Plaintiff was treated differently than others similarly situated as a result of intentional or purposeful discrimination.  (*See generally Johnson I-XX*, Dkt. No. 1.)

In addition, Plaintiff offers no specific factual allegations to support any claim that Defendants' alleged actions were the result of discrimination based on Plaintiff's membership to a protected class.  (*Id.*); *see Hollins v. South Burlington Police Dep't*, 18-CV-0151, 2020 WL 1033335, at *7 (D. Vt. Mar. 3, 2020) (holding that "[i]n the absence of further factual allegations, Plaintiff's bare allegation does not plausibly give rise to a claim of racially motivated discrimination" where the plaintiff alleged that the individual defendants "targeted" him because of "the color of his skin"); *Traylor v. Hammond*, 94 F. Supp. 3d 203, 215 (D. Conn. 2015) ("merely alleg[ing]" that the plaintiff is African-American, the defendant engaged in certain actions, and the defendant would not have engaged in those actions if the defendant were another race, "is not sufficient" to defeat a motion to dismiss); *Garzon v. Jofaz Transp., Inc.*, 11-CV-5599, 2013 WL 783088, at *3 (E.D.N.Y. Mar. 1, 2013) (where "the majority of [a] plaintiff's allegations do little more than cite to her mistreatment and ask the court to conclude that it must have been related to her race or gender, the allegations in the complaint do not plausibly give rise to a claim for discriminatory treatment."); *Drayton v. Toys 'R' Us Inc.*, 645 F. Supp. 2d 149, 161 (S.D.N.Y. 2009) (holding that plaintiff's "conclusory allegations" were insufficient to raise an inference of intentional discrimination, and explaining that the plaintiff could "not base his claim of racial discrimination on general racism in society" (internal quotation marks omitted)).

As a result, I recommend that Plaintiff's discrimination claim be dismissed for failure to state a claim upon which relief may be granted.

### 3.    Due Process

#### a.    Procedural Due Process

To successfully state a claim under Section 1983 for denial of due process, a plaintiff must establish both the existence of a protected liberty or property interest, and that he or she

was deprived of that interest without being afforded sufficient process.  *Shakur v. Selsky*, 391 F.3d 106, 118 (2d Cir. 2004) (citing *Kentucky Dep't of Corrs. v. Thompson*, 490 U.S. 454, 460 (1989)).  Due process generally requires that the state afford individuals "some kind of hearing" prior to depriving them of a liberty or property interest.  *DiBlasio v. Novello*, 344 F.3d 292, 302 (2d Cir. 2003).

The crux of Plaintiff's grievance appears to be that Plaintiff believed—albeit unsoundly—that because he possessed the Form, any hotel or housing provider was required to provide him shelter.  (*Johnson I-XX*, Dkt. No. 1.)  This assumption is inaccurate based on the text of the Form, which explicitly states that DSS Defendants "can assist with emergency housing if [Plaintiff] find[s] a facility that will accept [him] and agency payment."  (*See, e.g., Johnson I*, Dkt. No. 1 at 9.)  Further, as set forth above in Part III.A.1. of this Order and Report-Recommendation, Hotel Defendants—as private actors—could not violate Plaintiff's due process rights because their actions were not taken on behalf of the state.

In addition, I recommend that to the extent that Plaintiff asserted a due process claim against DSS Defendants, it also be dismissed.

Public assistance benefits "have long been afforded constitutional protection as a species of property protected by the federal Due Process Clause."  *Kapps v. Wing*, 404 F.3d 105, 112 (2d Cir. 2005) (quoting *Goldberg v. Kelly*, 397 U.S. 254, 262 & n.8 (1970)); *see also M.K.B. v. Eggleston*, 445 F. Supp. 2d 400, 432 (S.D.N.Y. 2006) ("Persons who are qualified to receive welfare benefits have a legitimate claim of entitlement to such benefits.").  In the context of public assistance benefits, due process generally requires pre-deprivation notice and an opportunity to be heard.  *Goldberg*, 397 U.S. at 260-61; *Hart v. Westchester Cnty. Dep't of Soc. Servs.*, 98-CV-8034, 2003 WL 22595396, at *4 (S.D.N.Y. 2003).

Where a person is deprived of a property right because of a random and unauthorized act (rather than through the operation of established state procedures), due process is satisfied if the state provides an adequate post-deprivation remedy.  *See Hudson v. Palmer*, 468 U.S. 517, 533 (1984); *Rivera-Powell v. New York City Bd. of Elections*, 470 F.3d 458, 465 (2d Cir. 2006) (holding that "[w]hen the state conduct in question is random and unauthorized, the state satisfies procedural due process requirements so long as it provides meaningful post-deprivation remedy.").  Under New York law, access to a fair hearing pursuant to N.Y. Soc. Serv. Law § 22 and 18 N.Y.C.R.R. § 358, and the availability of further review in the state courts in an Article 78 proceeding have been found to be constitutionally adequate post-deprivation procedures to challenge adverse determinations in connection with government entitlement programs.  *See Banks v. HRA*, 11-CV-2380, 2013 WL 142374, at *3 (E.D.N.Y. Jan. 11, 2013); *Vapne v. Eggleston*, 04-CV-0565, 2004 WL 2754673, at *5 (S.D.N.Y. Dec. 1, 2004).

Here, to the extent that Plaintiff alleges that his public assistance benefits were improperly adjusted by DSS Defendants—rather than an issue with an established state procedure—his remedy is to seek post-deprivation process.  Plaintiff does not allege that he sought review of any determination by DSS Defendants or adverse fair hearing determination by filing an Article 78 proceeding in state court, which has been deemed an adequate post-deprivation remedy.  *See Vialez v. New York City Hous. Auth.*, 783 F. Supp. 109, 114 (S.D.N.Y. 1991) ("[W]here a plaintiff alleges a deprivation of property in violation of the due process clause, the federal court's initial inquiry must be whether the state has provided adequate remedies to redress such unlawful acts.  If so, there will be no claim before the federal court, whether or not plaintiff took advantage of the state procedure.").  Given the availability of adequate state remedies, Plaintiff fails to state a claim that any unauthorized act deprived him of

a property interest without due process.  He thus fails to state a claim under section 1983 for a violation of his right to procedural due process.  *See Yifru v. Tietz*, 22-CV-1385, 2022 WL 956704, at * (S.D.N.Y. Mar. 29, 2022) (dismissing the plaintiff's procedural due process claims where the plaintiff alleged that his public benefits were reduced because his remedy was to seek post-deprivation process through a fair hearing and an Article 78 proceeding).

### b.    Substantive Due Process

The Due Process Clause of the Fourteenth Amendment has a substantive component that bars certain government actions "'regardless of the fairness of the procedures used to implement them.'"  *Cnty. of Sacramento v. Lewis*, 523 U.S. 833, 840 (1998) (quoting *Daniels v. Williams*, 474 U.S. 327, 331 (1986)).  The Due Process Clause "generally confer[s] no affirmative right to governmental aid, even where such aid may be necessary to secure life, liberty, or property interests of which the government itself may not deprive the individual."  *DeShaney v. Winnebago Cnty. Dep't of Soc. Servs.*, 489 U.S. 189, 195-96 (1986).  A substantive due process claim also faces an additional hurdle: the defendant's conduct must also be found to be "so egregious, so outrageous, that it may fairly be said to shock the contemporary conscience."  *Lewis*, 523 U.S. at 848 n. 8.  In determining whether conduct shocks the contemporary conscience, "conduct intended to injure in some way, unjustifiable by any government interest, is the sort of official action most likely to rise to the conscience-shocking level."  *Id.* at 849.  By contrast, "negligently inflicted harm is categorically beneath the threshold."  *Id.* at 834.

To the extent that Plaintiff alleged a substantive due process claim, I recommend that it be dismissed because his allegations do not suggest any conduct that "rise[s] to the conscience-shocking level."  *Id.* at 849.

As a result, I recommend that Plaintiff's due process claim—whether it alleges a procedural or substantive violation—be dismissed.

### B.    Breach of Contract

Having found that all of Plaintiff's federal claims are subject to dismissal, I recommend that, to the extent that Plaintiff has asserted any state law claims, the Court decline to exercise jurisdiction over those claims.[4]  *See* 28 U.S.C. § 1367(c)(3) (providing that a district court "may decline to exercise supplemental jurisdiction over [pendent state law claims] if . . . the district court has dismissed all claims over which it has original jurisdiction"); *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988) ("[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims."); *Walker v. Time Life Films, Inc.*, 784 F.2d 44, 53 (2d Cir. 1986) (citing *Kavit v. A.L. Stamm & Co.*, 491 F.2d 1176, 1180 (1974)) (holding that "federal courts, absent exceptional circumstances, should abstain from exercising pendent jurisdiction when federal claims in a case can be disposed of by summary judgment").

In the alternative, I recommend that Plaintiff's state law claims be dismissed for failure to state a claim upon which relief may be granted.

"[I]n order to establish a claim for breach of contract, a plaintiff must prove, by a preponderance of the evidence, (1) the existence of a contract between itself and that defendant, (2) performance of the plaintiff's obligations under the contract, (3) breach of the contract, and

---

[4]    Breach of contract is a state law claim.  *See Wilson v. Neighborhood Restore Dev.*, 18-CV-1172, 2018 WL 2390143, at *3 (E.D.N.Y. May 18, 2018) (citing *Loreley Fin. (Jersey) No. 3 Ltd. v. Wells Fargo Sec., LLC*, 797 F.3d 160, 182 (2d Cir. 2015)) (holding that "breach of contract, breach of the warranty of habitability, negligence, personal injury and fraud . . . are state law claims.").

(4) damages to the plaintiff caused by the defendant's breach." *OOCL (USA) Inc. v. Transco Shipping Corp.*, 13-CV-5418, 2015 WL 9460565, at *4 (S.D.N.Y. Dec. 23, 2015) (citation omitted).

Here, Plaintiff has failed to allege (1) the existence of a contract between himself and Defendants, (2) performance of Plaintiff's obligations under the contract, (3) Defendants' breach of the contract, and (4) any damages to Plaintiff caused by Defendants' breach. As a result, I recommend that, to the extent Plaintiff asserted a breach of contract claim, that claim be dismissed for failure to state a claim upon which relief may be granted.

## IV.    OPPORTUNITY TO AMEND

Generally, a court should not dismiss claims contained in a complaint filed by a *pro se* litigant without granting leave to amend at least once "when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Branum v. Clark*, 927 F.2d 698, 704-05 (2d Cir. 1991); *see also* Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave when justice so requires."). An opportunity to amend is not required, however, where "the problem with [the plaintiff's] causes of action is substantive" such that "better pleading will not cure it." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000); *see also Cortec Indus. Inc. v. Sum Holding L.P.*, 949 F.2d 42, 48 (2d Cir. 1991) ("Of course, where a plaintiff is unable to allege any fact sufficient to support its claim, a complaint should be dismissed with prejudice."). Stated differently, "[w]here it appears that granting leave to amend is unlikely to be productive, . . . it is not an abuse of discretion to deny leave to amend." *Ruffolo v. Oppenheimer & Co.*, 987 F.2d

129, 131 (2d Cir. 1993); *accord, Brown v. Peters*, 95-CV-1641, 1997 WL 599355, at *1 (N.D.N.Y. Sept. 22, 1997) (Pooler, J.).[5]

In this case, it is not clear whether better pleading would permit Plaintiff to assert a cognizable cause of action against Defendants. Out of deference to Plaintiff's *pro se* status, however, I recommend that Plaintiff be granted leave to amend the Complaints in **a single consolidated amended complaint** if he wishes to proceed with this consolidated action.

If Plaintiff chooses to avail himself of an opportunity to amend, such amended pleading must set forth a short and plain statement of the facts on which he relies to support any legal claims asserted. Fed. R. Civ. P. 8(a). In addition, the amended complaint must include allegations reflecting how the individuals named as Defendants are involved in the allegedly unlawful activity. Finally, Plaintiff is informed that any such amended complaint will replace the existing Complaints in *Johnson I-XX*, and must be a wholly integrated and complete pleading that does not rely upon or incorporate by reference any pleading or document previously filed with the Court. *See Shields v. Citytrust Bancorp, Inc.*, 25 F.3d 1124, 1128 (2d Cir. 1994) ("It is well established that an amended complaint ordinarily supersedes the original, and renders it of no legal effect." (internal quotation marks omitted)).

**ACCORDINGLY**, it is

---

[5]     *See also Carris v. First Student, Inc.*, 132 F. Supp. 3d 321, 340-41 n.1 (N.D.N.Y. 2015) (Suddaby, C.J.) (explaining that the standard set forth in *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 796 (2d Cir. 1999)—that the Court should grant leave to amend "unless the court can rule out any possibility, however unlikely it might be, that an amended complaint would be successful in stating a claim"—is likely not an accurate recitation of the governing law after *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)), *rev'd on other grounds*, 682 F. App'x 30.

**RECOMMENDED** that the Court **DISMISS WITH LEAVE TO REPLEAD**

Plaintiff's Complaints in *Johnson I-XX* for failure to state a claim upon which relief may be

granted pursuant to 28 U.S.C. § 1915(e)(2)(B); and it is further

    **ORDERED** that the Clerk of the Court shall provide Plaintiff with copies of all

unreported decisions cited herein in accordance with *Lebron v. Sanders*, 557 F.3d 76 (2d Cir.

2009) (per curiam); and it is further

    **ORDERED** that the Clerk of the Court shall file a copy of this report and

recommendation on the docket of this case and serve a copy upon the parties in accordance with

the local rules.

    **NOTICE:** Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen days within

which to file written objections to the foregoing report.[6]  Such objections shall be filed with the

Clerk of the Court.  **<u>FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN</u>**

**<u>DAYS WILL PRECLUDE APPELLATE REVIEW</u>**.  28 U.S.C. § 636(b)(1) (Supp. 2013);

Fed. R. Civ. P. 6(a), 6(d), 72; *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993) (citing *Small v.*

*Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)).


Dated: June 1, 2022
       Binghamton, New York

Miroslav Lovric
U.S. Magistrate Judge

---

[6]    If you are proceeding *pro se* and served with this report, recommendation, and order by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date that the report, recommendation, and order was mailed to you to serve and file objections.  Fed. R. Civ. P. 6(d).  If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday.  Fed. R. Civ. P. 6(a)(1)(C).