**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

**ROBERT W. JOHNSON,**

          **Plaintiff,**　　　　　　　5:22-cv-396
　　　　　　　　　　　　　　　　　　　　　　　　(GLS/ML)
　　　　　　**v.**　　　　　　　　　　　　　　　　(Lead Case)

**RODEWAY INN SYRACUSE et al.,**

          **Defendants.**

**APPEARANCES:**　　　　　　　　　　**OF COUNSEL:**

**FOR THE PLAINTIFF:**
Robert W. Johnson
*Pro Se*
112 Court St.
Apt. 2
Watertown, NY 13601

**Gary L. Sharpe**
**Senior District Judge**

## ORDER

The above-captioned matter comes to this court following a Report-Recommendation (R&R) by Magistrate Judge Miroslav Lovric, duly filed June 1, 2022. (Dkt. No. 8.) This lead case was previously consolidated with nineteen others. (Dkt. No. 7.) Following fourteen days from the service of the R&R, the Clerk has sent the file, including any and all objections filed by the parties herein.

No objections[1] having been filed, and the court having reviewed the R&R for clear error, it is hereby

**ORDERED** that the Report-Recommendation (Dkt. No. 8) is **ADOPTED** in its entirety; and it is further

**ORDERED** that plaintiff is directed to file a notice of change of address or verify his address on the docket within thirty (30) days of this order; and it is further

**ORDERED** that plaintiff's complaints in the lead and member cases (*Johnson I-XX*) are **DISMISSED** with leave to replead for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B); and it is further

**ORDERED** that any amended complaint shall be filed within thirty (30) days of this order; and it is further

**ORDERED** that, if plaintiff files an amended complaint, it must set forth a short and plain statement of the facts on which he relies to support any legal claims asserted. Fed. R. Civ. P. 8(a).  In addition, the amended complaint

---

[1] On June 2, 2022, plaintiff appeared at the Clerk's Office in Syracuse, New York and was provided a copy of the Consolidation Order and Report and Recommendation.  (Dkt. Nos. 7-8.)  That same day, plaintiff filed a notice of interlocutory appeal.  (Dkt. No. 9.)  On June 13, 2022, plaintiff's copy of the R&R was returned to sender, "Attempted - Not Known."  (Dkt. No. 11.)  Plaintiff previously executed a pro se notice that warned he must immediately notify the court of any change of address and that his failure to do so could "result in the involuntary dismissal of [his] case for failure to prosecute."  (Dkt. No. 6); N.D.N.Y. L.R. 10.1(c)(2).

must include allegations reflecting how the individuals named as Defendants are involved in the allegedly unlawful activity. Finally, plaintiff is informed that any such amended complaint will replace the existing complaints in *Johnson I-XX*, and must be a wholly integrated and complete pleading that does not rely upon or incorporate by reference any pleading or document previously filed with the court; and it is further

**ORDERED** that, if plaintiff files an amended complaint, such proposed amended complaint will be referred to the Magistrate Judge for initial review; and it is further

**ORDERED** that, if plaintiff fails to file an amended complaint within the time permitted, the clerk is directed to close this case and the member cases without further order of the court; and it is further

**ORDERED** that the Clerk provide a copy of this Order to plaintiff in accordance with the Local Rules of Practice.

**IT IS SO ORDERED.**

June 24, 2022
Albany, New York

Gary L. Sharpe
U.S. District Judge

3